Last case for oral argument this morning is U.S. v. Mickles, 25-2657. Good morning, Mr. Tolliver. Good morning. We'll just give one second for counsel to get situated. Whenever you're ready, you may proceed. Good morning, and may it please the court. Your Honor, we're here today because Mr. Mickles entered into a plea agreement that he could not knowingly do so based upon the law. As we outlined in our brief, we believe that it was plain error in that Mr. Mickles could not knowingly possess the firearm. Why isn't that a waiver? Why isn't the stipulation to the factual basis a waiver? Your Honor, I think as we outlined in the brief, that Mr. Mickles was unaware of what he was pleading to while the colloquy with the court, he did admit and agree that, to the facts, that he was unaware of what he was actually agreeing to. Well, he can't claim that now because he said on the record that he had reviewed everything and was aware of all of the relevant details to which he was pleading guilty, and that was confirmed. So I'm not clear on the actual nature of your argument. Are you saying that this was some sort of a violation by the court of failing to ascertain that his plea was knowingly involuntary? Are you alleging that this was ineffective assistance of counsel, that his counsel failed to inform him of the factual basis regarding constructive possession? What's the nature of the argument here? Your Honor, as far as the ineffective assistance of counsel, we do not believe that this is the appropriate forum for that. That may be an issue later on down the road, but as far as today, we think that the issue is the court did not adequately advise Mr. Mickles of what he was pleading to, and that there was not a review of the facts, and had that been done, Mr. Mickles would not have accepted the plea because the factual basis could not have been established. So it was a Rule 11 violation by the court? Your Honor, I think it was really just Mr. Mickles was unaware of what he was pleading to, and because of that, it could not have been a knowing acceptance of the plea agreement. But he stipulated that he was aware. So again, why isn't the whole issue simply waived? I don't think Mr. Mickles could waive the argument because he was unaware of what he was agreeing to when he entered into the plea agreement. Just a review of the facts here, Your Honor, I think would have shown that he could not have entered into the plea agreement because he did not knowingly possess the gun. While he had the firearm, there was no evidence of a knowing possession because he was in the process of returning the firearm to its true owner, and that there was an affidavit as part of the record that showed that he was, what he was doing. Right, and that may be a failure on the part of his counsel to advise him that that fact pattern constitutes constructive possession, but there's nothing, no violation on the court's part that I can determine from the nature of your argument. You're just saying he didn't know, but that argument is waived because he affirmatively stipulated that this was a factual basis and sufficient to support his guilty plea, and he acknowledged that on the record, as did his counsel, and so the issue is just waived and immune from review. Your Honor, I do not think that it was waived, and I think as far as the discussion during the plea agreement, and I'm certainly summarizing it, but it was, have you read the information, you agree with that, and yes, I agree that there is sufficient evidence here to support a finding of guilt. And again, had that been read to him or had it been gone over with Mr. Mickles, a different result would have come about because Mr. Mickles could not have agreed to that for the purpose of the plea agreement. If who had done that? If the court would have done that. Would have done what? Read the information to him so he understood what he was agreeing to when he pleaded guilty. Well, it was in the plea agreement. That he agreed to. The court doesn't have to recite the specific terms of the plea agreement. I think in this case, it did. Given the evidence that was presented, including with the sentencing memo and the affidavit that shows that he could not have possessed the gun, I think that would do. What legal authority supports such an obligation on the part of the court when there's a detailed written plea agreement that lays out the factual basis? Your Honor, as far as the legal authority, I think the legal authority is that he has the right to be fully informed of what he is pleading guilty to. For whatever reason that was not done here and Mr. Mickles did not wish to plead guilty, would not have pleaded guilty had he known what he was pleading guilty to. I will take you from that and ask you about another argument that you have made, which is that mere proximity to a firearm is insufficient to establish a sufficient sufficient nexus to prove constructive possession. But it seemed to me that Mickles admitted to more than mere proximity. Doesn't he admit knowledge that the firearm was in the car and an intention to return the firearm? It was his intention to return the firearm to its owner. So if he was transporting the firearm in a vehicle to return it to another person, isn't that action of transporting the firearm for that purpose necessarily exercising dominion and control over that firearm? Your Honor, that is correct as far as what Mr. Mickles had done, that he agreed that or he admitted that he had the firearm, but we would, as we argued that he did not exercise dominion and control because he had no intent to ever do so. As the affidavit showed, it was somebody else's gun. He had asked that it be returned. As the argument raised in the sentencing memo showed, Mr. Mickles probably could have made better decisions as to how that gun was returned. But Mr. Mickles was really caught in the classic catch-22. He knew that he was not to have this gun in his possession. He did what he needed to in order to rid himself of the gun. Again, he may have, he could have made better decisions as to how to do that, but he did not intend to possess the firearm because he was returning it to its rightful owner. But how could he return it without possessing it? And I think that's the issue that we have. Under our law, that it wasn't a quick fleeting. He was taking it and returning it. That's possession. I think that the, when you look at the possession of exercising dominion and control over, he had no intent to exercise dominion or I guess to the extent there was control, it would have been limited to the extent he was returning the gun. He certainly intended to if his, taking what he said is true, that he's returning it to its owner. He possessed it and had control over it for the time it would have taken to return it to the owner. He had it in his possession and we may be missing words as to whether he legally possessed the firearm, but yes, he did have the gun with him. It was in the car. It was under the seat. But we would argue that he did not intend to exercise possession and had he known that, again, perhaps a different decision would have been made. Your Honor, I've, we had previously reserved two minutes for rebuttal, so if there are no further questions, we reserve the remainder for rebuttal. Thank you. Thank you. Mr. Walter. Thank you. May it please the Court. My name is Nate Walter and I represent the United States of America. The district court did not plainly err when it accepted Mr. Mickels' plea that contained the elements of the offense to which he was pleading guilty and a stipulated factual basis of the parties. I would like to note a couple of things that the court hit on. There was no clear error by the court because there was no Rule 11 violation here. The court is not required to read the elements of the offense to a defendant. It only requires that the court inform the defendant of the nature of the charge to which he is pleading guilty and determine whether he understands the charge. Through a lengthy plea colloquy in which Mickels was asked whether he had read the plea, whether he agreed with the factual basis, and whether he understood the elements of the offense, all of those things to which he replied in the affirmative, the court was confident that he did understand the charge against him and that a sufficient factual basis was laid. As the court, again, noted, this case turns on his intent. By taking the firearm from his house, placing it in his car, and driving away with it, he intended to maintain dominion and control. He obviously had the capability that was in his car, and by placing it in his car, he had the intent to maintain dominion and control over the object. We don't have to decide that here. He stipulated to the factual basis. That's correct. And once again, as the court noted, he stipulated to the factual basis, and when asked if he And courts should not have set a plea agreement simply because of a post hoc assertion that a defendant, about how he would have pled, in this case, had the court read him the elements of the offense, he wouldn't have pled guilty, but once again, there was a sufficient plea colloquy done here. Furthermore, there is a presumption that the statements made by the defendant under oath at a plea hearing are the truth. And nothing here has changed that fact. So when the court looks at the contemporaneous record, it should be satisfied that a factual basis was established, and that Mr. Mickles was guilty and no plain error occurred. If the court has no further questions of me, I would rest on my feet. Thank you.  Mr. Talifer. Thank you. Your Honor, again, we believe that had Mr. Mickles been fully advised of what he was pleading guilty to, he would not have accepted a plea. There was sufficient evidence in the record for the court to recognize that he could not have accepted the plea, regardless of what Mr. Mickles' statements were, and we'd ask that the court reverse the district court and allow him to make a decision as to how he'd want to proceed with the case. Thank you, Mr. Talifer, and you were appointed by the court to represent Mr. Mickles in this case. Thank you for taking the appointment. We appreciate it. Thank you for the opportunity, Your Honor. Thank you for your time. That concludes our oral arguments for today.